## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 680 | DATE | 3/19/03 |
| CASE TITLE | 2125 N. 15th Ave Corp. v. Village of Melrose Park | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Plaintiff filed a complaint against the Village of Melrose Park. This case was originally dismissed for want of prosecution on July 3, 2001. On February 1, 2002, Plaintiff filed a Motion to Reinstate, which was granted on April 9, 2002. On April 9, 2002, Plaintiff was ordered to file a motion for a preliminary injunction on or before April 30, 2002. Plaintiff did not file such a motion and has taken no other action to prosecute this case. In an order dated February 26, 2003, the parties were granted leave to respond to notice of the Court's intention to dismiss this case for want of prosecution. Both parties filed responses. After consideration of the parties' responses, this case is dismissed for want of prosecution pursuant to *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853 (7th Cir. 1998).

■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 26 2003 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | 15 docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| LC | courtroom deputy's initials | 03 MAR 25 PM 6:09 Date/time received in Central Clerk's Office | date mailed notice mailing deputy initials | |

# ORDER

"District courts inherently possess the authority to dismiss a case *sua sponte* for want of prosecution. . . . Dismissal is a very harsh sanction . . . and should be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Williams*, 155 F.3d at 857 (quoting *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998)). The district court must provide "due warning" before dismissing a case for want of prosecution. *Id.* The district court will consider the following factors in deciding whether to dismiss a case for want of prosecution: (1) the frequency and magnitude of the plaintiff's failure to comply with court deadlines, (2) the effect of these failures on the court's time and schedules, (3) the prejudice to other litigants, and (4) the possible merits of the plaintiff's suit. *Id.*

In its response to the Court's notice of intent to dismiss this case, Plaintiff states that it had not filed a motion for preliminary injunction because: in April 2002, a "potentially dispositive" case was pending before the United States Supreme Court; since May 1, 2002, Plaintiff's counsel has been involved in extensive litigation in another case in the Illinois trial and appellate courts; in December 2002, Plaintiff and Defendant agreed to exchange discovery responses and to bring the case before the Court once "something substantive had been accomplished"; and Plaintiff believed that the case could be resolved pursuant to a motion for summary judgment. It should be noted that discovery was not actually exchanged until March 2003, that Plaintiff sought leave to file its motion for summary judgment in sixty days' time, and that Plaintiff never advised the Court of its counsel's litigation in the state courts or of this "potentially dispositive" Supreme Court case.

Defendant, in its response and reply, correctly points out that Plaintiff (1) waited eight months after the first dismissal for want of prosecution to move to reinstate the case; (2) disregarded with this Court's April 9, 2002 Order to file a motion for preliminary injunction on or before April 30, 2002; (3) took no other action to prosecute its case; (4) did not respond to discovery propounded in September 2000 until March 2003, almost *three* years later; and that (5) Plaintiff's counsel failed to appear at several status hearings scheduled by this Court.

Here, the factors clearly weigh in favor of dismissing this case for want of prosecution. The history of this case is punctuated by Plaintiff's counsel's frequent disregard for the orders of this Court and dilatory litigation conduct. This case has been pending on this Court's calendar for three years; during which time, Plaintiff has repeatedly failed to appear in court and comply with this Court's orders. During the past three years, nothing has been accomplished in this case. Although there has been a belated attempt at discovery this month, Plaintiff did not respond to Defendant's September 2000 discovery requests or propound its own discovery for almost three years. Plaintiff's litigation conduct did not improve even after the case was reinstated after the first dismissal for want of prosecution.

The history of this case clearly shows "a clear record of delay or contumacious conduct," *Williams*, 155 F.3d at 857; and, therefore, this case is dismissed for want of prosecution.

This Order shall represent the final ruling of this Court. To the extent that anything stated on the record contradicts or is at variance with anything stated in this Order, this Order controls.