

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 680 | DATE | 6/10/2003 |
| CASE TITLE | 2125 North 15th Ave Corp. Inc. Vs. Village of Melrose Park | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for reconsideration and/or amendment of order is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 1 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 42 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 JUN 10 PM 3:17 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 2125 NORTH 15th AVENUE CORP., INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF MELROSE PARK, )<br>)<br>Defendant. ) | Case No. 00 C 680<br><br>Honorable John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, 2125 North 15th Avenue Corp., Inc. ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 59, moves for reconsideration of this Court's Order dated March 19, 2003, dismissing this case for want of prosecution. For the reasons that follow, Plaintiff's Motion for Reconsideration and/or Amendment of Order is denied.

## LEGAL STANDARD

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present

evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 841, 844 (N.D. Ill. 1998).

## ANALYSIS

Plaintiff requests that this Court reconsider its decision of March 19, 2003. In a minute order, this Court dismissed this case for want of prosecution, holding that:

> the factors clearly weigh in favor of dismissing this case for want of prosecution. The history of this case is punctuated by Plaintiff's counsel's frequent disregard for the orders of this Court and dilatory litigation conduct. This case has been pending on this Court's calendar for three years; during which time, Plaintiff has repeatedly failed to appear in court and comply with this Court's orders. During the past three years, nothing has been accomplished in this case. Although there has been a belated attempt at discovery this month, Plaintiff did not respond to Defendant's September 2000 discovery requests or propound its own discovery for almost three years. Plaintiff's litigation conduct did not improve even after the case was reinstated after the first dismissal for want of prosecution.
> The history of this case clearly shows "a clear record of delay or contumacious conduct," *Williams* [*v. Chicago Bd. of Educ.*], 155 F.3d [853], 857 [(7th Cir. 1998)]; and, therefore, this case is dismissed for want of prosecution.

Plaintiff argues that reconsideration is proper because (1) Plaintiff moved to reinstate this case eight months after the first dismissal because Plaintiff had no notice that the Court intended to dismiss, or had dismissed, the case; (2) Plaintiff's present counsel has never failed to appear at a status hearing in this matter; (3) "[o]ther than failing to file a Motion for Preliminary Injunction on or before April 30, 2002, upon Plaintiff's *request* to do so, and a failure to bring this case to the attention of the Court for further order, this Plaintiff's counsel has attempted to prosecute this case" by propounding discovery and agreeing on a discovery schedule with Defendant's counsel; (4) the

Court's March 19, 2003 Order is factually inaccurate; (5) the Court failed to consider the possible merits of Plaintiff's suit as well as the lack of prejudice to the Defendant; and (6) the Court failed to consider a lesser sanction before dismissing this matter.

Each of the arguments that Plaintiff asserts were raised in its Response to the Court's Notice of Intent. The Court considered all of the issues raised by Plaintiff at that time.

> To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. . . . A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." . . . Contrary to this standard, [Plaintiff's] motion[] merely t[akes] umbrage with the [C]ourt's ruling and rehash[es] old arguments."

*Oto v. Metro. Life. Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Plaintiff's motion to reconsider does not demonstrate that this Court disregarded, misapplied, or failed to recognize controlling precedent and, therefore, is denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's, 2125 North 15th Avenue Corp., Inc.'s, Motion for Reconsideration and/or Amendment of Order is denied.

**IT IS SO ORDERED.**

Date: June 10, 2003

John W. Darrah, Judge
United States District Court