IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 2125, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 00 C 0680 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| VILLAGE OF MELROSE PARK, | ) | |
| a body politic, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF MOTION**

To: Michael Null, Esq.            Deidre Baumann, Esq.
 155 N. Michigan Avenue        Baumann, Shuldiner & Lee
 Suite 600                     70 West Madison Street, Suite 3700
 Chicago, Illinois 60601       Chicago, Illinois 60602

PLEASE TAKE NOTICE that on July 3, 2003, at 9:00 a.m., we shall appear before The Honorable John Darrah, or any judge sitting in his stead, in Courtroom 1203 in the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago, Illinois, and shall then and there present the attached Village of Melrose Park's Petition for Attorney's Fees, a true and correct copy of which is hereby served upon you.

VILLAGE OF MELROSE PARK

By: _/s/ J. P. Roddy_
One of Its Attorneys

Fred Foreman
Joseph P. Roddy
Freeborn & Peters
Attorneys for Defendant
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
(312) 360-6000
Attorney No. 71182

## CERTIFICATE OF SERVICE

The undersigned, being one of the attorneys of record in the above cause, certifies that he caused a copy of the foregoing **Notice of Motion of Village of Melrose Park's Petition for Attorney's Fees,** to be served upon the individuals listed below by facsimile transmission and U.S. Mail on June 24, 2003.

>Michael E. Null, Esq.
>Michael Null & Associates
>155 North Michigan Avenue
>Suite 600
>Chicago, Illinois 60601

>Deidre Baumann, Esq.
>Baumann, Shuldiner & Lee
>70 West Madison Street
>Suite 3700
>Chicago, Illinois 60602

_/s/ John P. Roddy_

544899

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 2125, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 00 C 0680 |
| VILLAGE OF MELROSE PARK, a body politic, | ) Hon. John W. Darrah |
| Defendant. | ) |

## VILLAGE OF MELROSE PARK'S PETITION FOR ATTORNEYS' FEES

Pursuant to 28 U.S.C. §1927 and the inherent authority of the Court, defendant, Village of Melrose Park (the "Village"), hereby moves for its attorneys' fees associated with defending this action which, by plaintiff's own admission, should have never been brought in federal court since plaintiff never had standing to challenge the Village's ordinance. In further support thereof, the Village states as follows:

1. On February 2, 2000, Plaintiff filed its first complaint against the Village and named, as plaintiff, a non-existent entity. Faced with this defective complaint, the Village was forced to file a Motion to Dismiss and supporting Memorandum. After the Village's Motion to Dismiss was filed, Plaintiff filed an Amended Complaint on May 8, 2000. (See Exhibit A attached hereto).

2. The Village filed an answer to Plaintiff's Amended Complaint on May 24, 2000 and, soon thereafter, moved to reassign the matter with another related matter (i.e. *JMV, Inc. v. Village of Melrose Park*, Case No. 00 C 0925), pursuant to Local Rule 40.4 (LR 40.4). That motion to reassign focused upon the fact that both matters (a) were filed within two weeks of one another; (b) involved the same Village ordinance; (c) involved

the same lawyer (Mr. Michael Null) representing plaintiff in each matter; (d) involved businesses likely to be located in the same building; and (e) named the Village of Melrose Park as the defendant.

3. On July 12, 2000, the Village's motion to reassign was heard. The motion was granted and *JMV, Inc. v. Village of Melrose Park*, Case No. 00 C 0925 was reassigned to Judge Kocoras and joined with the instant matter. (*See* Docket Sheet for both cases attached hereto as Exhibit B.) Despite the abundant reasons for reassigning the cases as related, plaintiff nevertheless filed a Motion to Reconsider the reassignment. (*See* Motion, attached hereto as Exhibit C.) That motion cited none of the relevant factors pursuant to LR 40.1, but nonetheless again put the Village to the expense of responding. That Motion was denied.

4. Thereafter, the two cases were treated identically, as they were scheduled for status conferences on the same day before Judge Kocoras, transferred to this Court together, and called for status together before this Court on October 12, 2000. (*See* Docket Sheets, reflecting orders treating cases identically on September 1, 2000 and September 6, 2000 attached hereto as Exhibit D.)

5. In the meantime, on September 18, 2000, the Village served interrogatories and document requests on Plaintiff. Plaintiff did not respond to the Village's discovery requests, nor to correspondence from the Village requesting a response to the discovery requests. (*See* Exhibit E attached hereto). Plaintiff never timely responded to this discovery request. Moreover, plaintiff took no discovery.

6. On July 3, 2001, Counsel Null again failed to appear at a status conference. (In fact, Mr. Null, the only counsel of record for plaintiff for 18 months,

2

never attended court on this matter.) Informed that there were two cases reassigned as related, the Court dismissed the matters for want of prosecution. (*See* Transcript of Proceedings from July 3, 2001, attached hereto as Exhibit F.) At the Court's request, counsel for the Village notified Plaintiff's counsel of record of the dismissals. (*See* Exhibit G attached hereto).

7. On December 19, 2001, present counsel's Motion for Leave to File an Appearance was granted. It was only on February 1, 2002 that a Motion to Reinstate was filed. (*See* Exhibit H attached hereto.)

8. On April 9, 2002, Plaintiff's Motion to Reinstate was granted and Plaintiff was ordered to file a motion for preliminary injunction on or before April 30, 2002. (*See* Exhibit I attached hereto). Consistent with Plaintiff's dilatory actions, Plaintiff never filed such a motion for a preliminary injunction and took no other action to prosecute its complaint against the Village.

9. On its own motion, the Court entered an Order dated February 26, 2003 notifying the parties of the Court's intention to again dismiss the case for want of prosecution. (*See* Exhibit J attached hereto). Plaintiff and the Village filed responses to the Court's intention to dismiss the case for want of prosecution. (*See* Exhibits K and L attached hereto).

10. In an Order dated March 19, 2003 and docketed on March 26, 2003, the Court again dismissed Plaintiff's complaint for want of prosecution and found that "the history of this case clearly shows 'a clear record of delay or contumacious conduct'." (*See* Exhibit M attached hereto).

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 2125, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VILLAGE OF MELROSE PARK, )<br>a body politic, )<br>Defendant. )<br>) | Case No. 00 C 0680<br><br>Hon. John W. Darrah |

## AFFIDAVIT OF JOSEPH P. RODDY IN SUPPORT OF
## THE VILLAGE OF MELROSE PARK'S AWARD OF ATTORNEY'S FEES

I, Joseph P. Roddy, being duly sworn, depose and state as follows:

1. I am a partner in the law firm of Freeborn & Peters.

2. The Village of Melrose Park (the "Village") has been a client of Freeborn & Peters since approximately 5 years.

3. I am one of the Freeborn & Peters attorneys who represented the Village in the matter entitled, *2125, Inc. v. Village of Melrose Park* – Case No. 00 C 0680.

4. I have been involved in all activities related to those proceedings, including the preparation and filing of pleadings and briefs, legal research, written and document discovery, fact investigation, strategy, client communications and preparation for court hearings. Given my involvement in these proceedings, I am familiar with the work of my colleagues as well as the work I myself performed with respect to those proceedings.

5. Attached hereto as Exhibit 1 is a summary of the work performed and time spent by Freeborn & Peters attorneys on the matter. The bills upon which Exhibit 1 is

based represent professional fees actually charged by Freeborn & Peters to the Village. The hourly fee charged to the Village was a blended rate of $195.00 per hour that is commonly used for governmental clients of Freeborn & Peters. Those billing statements, in turn, are a compilation of the time sheets of the individual attorneys who worked on the matter for the Village. The bills were generated contemporaneous with the work Freeborn & Peters performed. Freeborn & Peters requires its attorneys to submit their time at least weekly.

6. The Freeborn & Peters lawyers working on the matter for the Village all had other clients and other engagements that they would have undertaken, but for working on the matter for the Village.

FURTHER AFFIANT SAYETH NOT.

_____
JOSEPH P. RODDY

544354

2

# 2125, Inc. vs. Village of Melrose Park

| Billing Cycle | Hours Worked | Hourly Fee | Total |
|---|---|---|---|
| 3/00 – 4/00 | 8.55 | 195.00 | 1,667.25 |
| 4/00 – 5/00 | 85.70 | 195.00 | 16,711.50 |
| 5/00 – 6/00 | 51.60 | 195.00 | 10,062.00 |
| 6/00 – 7/00 | 1.40 | 195.00 | 273.00 |
| 7/00 – 4/01 | 41.65 | 195.00 | 8,121.75 |
| 4/01 – 10/01 | 18.30 | 195.00 | 3,568.50 |
| 10/01 – 6/02 | 43.00 | 195.00 | 8,385.00 |
| 6/02 – 12/02 | .50 | 195.00 | 97.50 |
| 1/03 – 2/03 | 9.50 | 195.00 | 1,852.50 |
| 2/03 – 4/03 | 34.70 | 195.00 | 6,766.50 |
| 4/03 – present | 25.00 | 195.00 | 4,875.00 |
| | | | $62,380.50 |

**EXHIBIT A1**

# SEE CASE FILE FOR EXHIBITS