# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 680 | DATE | 10/7/2003 |
| CASE TITLE | 2125 N 15th Ave Corp vs. Village of Melrose Park | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for attorney's fees [43-1] is granted. Enter Memorandum Opinion and Order. Status hearing set for 11/13/03 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | JUDGE DENLOW | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 8 2003 date docketed | 50 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | 03 OCT -7 PM 4:22 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 8 2003

2125, INC.,                              )
                                         )
         Plaintiff,                      )
                                         )
    v.                                   )    No: 00 C 0680
                                         )
THE VILLAGE OF MELROSE PARK,             )    Judge John W. Darrah
a body politic,                          )
                                         )
         Defendant.                      )

## MEMORANDUM OPINION AND ORDER

Plaintiff, 2125, Inc. ("2125"), filed suit against Defendant, the Village of Melrose Park ("the Village"), challenging certain Village ordinances. 2125's action was dismissed twice for want of prosecution. Presently before the court is the Village's Petition for Attorney's Fees, filed under 28 U.S.C. § 1927.

## BACKGROUND

On February 2, 2000, 2125 brought a lawsuit against the Village to challenge the Village's ordinances prohibiting adult-oriented establishments in Melrose Park. After the Village filed a Motion to Dismiss because the Plaintiff filed as a non-existing entity, 2125 amended their complaint to correct the procedural defect. On July 12, 2000, the Village moved to consolidate and reassign this action with a related case.[1] Despite 2125's objection and Motion

---

[1] This action was consolidated from two related actions in this District. Originally, this action was brought before the Honorable Chief Judge Kocoras. The related case, *JMV, Inc. v. Village of Melrose Park*, Case No. 2000-cv-0925, was brought before the Honorable Judge Gottschall.

1

to Reconsider, the Executive Committee for the Northern District of Illinois consolidated these cases on September 5, 2000, pursuant to Local Rule 40.4.

Thereafter, the Village began serving discovery requests upon 2125; however, 2125 failed to respond to these requests for almost three years. In addition, 2125's counsel failed to attend several status hearings scheduled by this Court. On July 3, 2001, after 2125 failed to appear at a status conference, this Court dismissed the action for want of prosecution. At the Court's request, the Village sent notices to 2125's counsel of record that the case was dismissed. Six months later, on December 19, 2001, 2125's counsel filed a Motion for Leave to File an Appearance that this Court granted. Almost two months later, 2125 finally filed a Motion to Reinstate the Case – eight months after the case was originally dismissed. Although the Village opposed this motion, the case was reinstated on April 9, 2002.

After this Court granted the reinstatement, 2125 was required to file a Preliminary Injunction Motion before April 30, 2002. 2125, however, never filed the injunction motion. In addition, 2125 took no further acts to prosecute the case. On February 26, 2003, pursuant to *Ricketts v. Midwest National Bank*, 847 F.2d 1177, 1185 (7th Cir. 1989), the Court provided a Notice of Intent, stating that the case would be dismissed for want of prosecution *sua sponte*. After both parties filed responses, the case was dismissed for a second time. In addition, this Court noted that:

> The history of this case is punctuated by Plaintiff's counsel's frequent disregard for the orders of this Court and dilatory litigation conduct. This case has been pending on this Court's calendar for three years; during which time, Plaintiff has repeatedly failed to appear in court and comply with this Court's orders. During the past three years, nothing has been accomplished in this case. Although there has been a belated attempt at discovery this month, Plaintiff did not respond to Defendant's September 2000 discovery requests or propound its own discovery

for almost three years. Plaintiff's litigation conduct did not improve even after the case was reinstated after the first dismissal for want of prosecution.

*2125, Inc. v. Village of Melrose Park*, 2000-cv-0680, minute order (N.D. Ill. March 18, 2003).

2125 then asked the Court to reconsider the dismissal without presenting any new legal or factual bases, forcing the Village and the Court to spend more time on this case. After the Court rejected the reconsideration, 2125 filed a Notice of Appeal with the United States Court of Appeal for the Seventh Circuit. On August 1, 2003, 2125 voluntarily dismissed its own appeal.

Throughout this case, 2125 used two attorneys. Originally, Michael Null appeared on behalf of 2125. Null never withdrew. Deidre Baumann officially appeared before the Court on December 19, 2001. Baumann, however, participated in prosecuting this action as early as May 5, 2000, when she appeared before the Honorable Chief Judge Kocoras.

The Village requested to be paid for 319.9 hours at $195 per hour, which amounts to $62,380.50. The fees date from March 2000 until July 2003. The Village itemized their costs into "Billing Cycles" ranging from one month to nine months.

## ANALYSIS

Null and Baumann, co-counsel for 2125, are joint and severally liable for § 1927 sanctions for their repeated failures to follow court orders, prosecute the action, and their indifference towards this Court's and the Village's resources. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to personally satisfy the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

To obtain fees under § 1927, "a lawyer must act 'vexatiously and unreasonably' and in subjective or objective bad faith." *Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of*

3

the *Fox Masonry & Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998) (citations omitted). There, the offending attorney attempted to justify his conduct by showing that he did not act illegally. However, the attorney multiplied the proceedings by evading process, giving false testimony in an affidavit, failing to file an appearance, and filing groundless appeals. The court concluded that the attorney acted in bad faith by multiplying the proceedings needlessly. *Fox Valley*, 140 F.3d at 666-67; *see also IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 654 (7th Cir. 2001) (finding § 1927 sanctions appropriate when the offending attorney blatantly disregarded the order of the District Court); *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1490-91 (7th Cir. 1989) (granting an award of § 1927 sanctions against attorneys for filing multiple groundless motions and motions to reconsider); *Walter v. Fiorenzo*, 840 F.2d 427, (7th Cir. 1988) (affirming § 1927 sanctions against a party who "completely wasted" the court's time by failing to present affidavits until after summary judgment was granted, forcing the district court to vacate an earlier order).

A court may also impose § 1927 sanctions against an attorney who acts objectively unreasonable by disregarding the "orderly process of justice." *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994) (citations omitted); *see also Kostilieris v. Chalmers*, 966 F.2d 1181, 1185 (7th Cir. 1992) (concluding that extreme negligence and "indifferent conduct" are considered objectively unreasonable actions subject to § 1927 sanctions).

In *Pacific Dunlop*, the attorneys in question defended a motion to disqualify without presenting affidavits; however, the attorneys would have presented the affidavits and other materials at the court's request. *Barosh*, 22 F.3d at 116. The district court, while initially allowing this process to occur, later decided that affidavits were necessary. The court then

assessed § 1927 sanctions against the attorneys. *Barosh*, 22 F.3d at 117. On appeal, the Seventh Circuit reversed and found that the attorneys "did not disregard a rule of procedure, local rule, or court order" and, therefore, sanctions were not appropriate. *Barosh*, 22 F.3d at 119.

Here, 2125's attorneys disregarded this Court's orders and needlessly multiplied the proceedings. They forced the Court and the Village to unnecessarily expend resources twice in this action, even though 2125 made no attempt to prosecute the case either time. 2125's attorneys waited approximately eight months to reinstate this action after the Court originally dismissed it. While this action alone could not be termed "vexatious," 2125's reinstatement became objectively unreasonable when they made no attempt to advance the prosecution of the case thereafter.

2125's attorneys' actions following the reinstatement further highlight their indifferent conduct. After the Court reinstated the case, a schedule was set requiring 2125 to file a motion for a preliminary injunction by April 30, 2002. 2125's attorneys blatantly disregarded this order and never filed the application for preliminary injunction by that date. In fact, 2125 had no official contact with the Court for almost a year, until this Court *sua sponte* gave notice on February 26, 2003, of dismissal for failure to prosecute the case. Only then did 2125 and its attorneys make an official filing with the Court to attempt to avoid the second dismissal.

Even after the second dismissal, 2125's attorneys wasted more of the Court's and the Village's time. 2125 filed a motion to reconsider the dismissal but failed to raise any new arguments at that time. 2125's attorneys further caused the Village to unnecessarily expend resources by filing a Notice of Appeal to the Seventh Circuit of this Court's ruling, and then voluntarily dismissing that appeal one month later.

2125 has presented a number of reasons[2] for why it did not prosecute the case. For example, 2125's attorneys alleged they did not file the preliminary injunction motion by April 30, 2002, because a potentially dispositive Supreme Court ruling was imminent.[3] However, at no time did 2125 attempt to inform this Court of the pending Supreme Court case or give any timely reason for allowing the preliminary injunction filing date to pass.

2125 also failed to engage in discovery for three years. Even after the Village and 2125 discussed discovery in December 2002, 2125 made no attempt to prosecute the action by way of discovery.[4] 2125's attorneys, moreover, failed to appear at numerous status hearings and allowed the case to languish on the Court's calendar for three years.

These actions unreasonably multiplied the proceedings before this Court and forced the Village to spend time and money defending an action that never advanced toward resolution. Therefore, 2125's extreme indifference to the Court's orders and the orderly resolution of this action is vexatious and warrants sanctions under 28 U.S.C. § 1927.

Sanctions, however, are only awarded for "the excess costs, expenses, and attorneys' fees caused by" the vexatious conduct. 28 U.S.C.A. § 1927; *Roadway Express v. Piper*, 447 U.S. 752, 756 n.3 (1980); *Barosh*, 22 F.3d at 120. Thus, 2125's attorneys are only personally liable for fees that the Village would not incur but for their unreasonable actions. While 2125's attorneys

---

[2] Many of these justifications are not contained in 2125's response to the Village's fee petition. 2125's attorneys used most of the response to discuss the merits of their case in an attempt to show the Court their acts were not frivolous. 2125, however, has misinterpreted why the case was dismissed and why sanctions will be awarded. Just as in *Fox Valley*, the merits of 2125's case are irrelevant. 140 F.3d at 666-67.

[3] That case is *City of Los Angeles v. Alameda Books*, 536 U.S. 921 (2002).

[4] These discovery requests were filed by the Village in September 2000.

6

unreasonably extended these proceedings, not all of their conduct throughout the life of the case was vexatious, and the Village cannot obtain a full recovery.

Most of 2125's attorneys' conduct before the case was reinstated was reasonable. For example, 2125 acted reasonably in filing a motion to reconsider the consolidation of the multiple actions. 2125 had factual reasons for not consolidating these actions that were not addressed at Chief Judge Kocoras's hearing, even though these grounds were ultimately rejected.

In contrast, all of 2125's conduct between the reinstatement of the case and subsequent failure to prosecute was vexatious. These actions, taken between December 19, 2001 (when 2125's attorneys made an appearance in an attempt to reinstate the case) until the case ultimately ran its course to this fee petition, accomplished nothing; and the Village was forced to defend itself and incur costs. 2125, moreover, was on notice from its first dismissal that a failure to follow this Court's orders, correspond with the Court, attend status hearings, and participate in the resolution of the action would result in another dismissal.

A district court awarding substantial fees must state with specificity the rationale for the fee award. *Brown v. Fed'n of State Med. Bds.*, 830 F.2d 1429, 1438 (7th Cir. 1987). To determine the amount of fees, the court should multiply a reasonable number of hours expended by the prevailing rate. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999). The petitioning party has the burden of proving its market rate, which the opposition may then rebut. In determining an appropriate hourly rate, an attorney's actual rate for similar work is presumed reasonable. *Uphoff*, 176 F.3d at 407.

In this case, the Village's attorneys submitted a "blended" hourly rate of $195 per hour that their firm charges governmental clients. 2125's attorneys make no attempt to rebut this

7

hourly rate or show another prevailing market rate. The rate is, therefore, found to be reasonable. The Court will accept $195.00 per hour as the "lodestar" rate.

Determining a reasonable number of hours requires more specificity. The Village's attorneys have not submitted itemized billing sheets detailing the specific work they completed. Instead, they have presented a quasi-monthly billing report. Sometimes, the Village presents each month's bill. In other places, the Village's attorneys present up to nine months' worth of hours as a single item. For example, the bills for the most relevant time frame, containing all conduct that occurred after December 19, 2001, are as follows:

| Billing Cycle | Hours |
| --- | --- |
| 10/01-6/02 | 43.0 |
| 6/02-12/02 | 0.5 |
| 1/03-2/03 | 9.5 |
| 2/03-4/03 | 34.7 |
| 4/03-present[5] | 25.0 |

---

[5]Present, for the purposes of this petition, is June 24, 2003, the date the Village filed the petition. Other district courts have permitted recovery for time expended on a fee petition as well. *See, e.g., Alliance to End Repression v. City of Chicago*, 2000 WL 1947055, at *3 (N.D. Ill. Nov. 2, 2000).

## CONCLUSION

Therefore, the Court orders that the Village's attorneys to submit detailed billing statements for the Court to examine within two weeks from the date of this opinion.[6] These statements shall detail how much work was expended by the Village's attorneys caused by the vexatious conduct of 2125's attorneys consistent with this opinion during the time period from December 19, 2001 until June 24, 2003. 2125's attorneys will then have one week to respond to these submissions. Neither side should discuss the merits of the case or this fee petition in these submissions.

Dated: 10-7-03

JOHN W. DARRAH
United States District Judge

---

[6]These summaries should be consistent with Exhibit A1 provided in the Village's Fee Petition.