Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 680 | **DATE** | FEB 03 2004 |
| **CASE TITLE** | 2125, Inc. v. The Village of Melrose Park | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Village of Melrose Park is awarded $5148.00 in attorney's fees. Michael Null and Deidre Baumann, co-counsel for 2125, Inc., are joint and severally liable for this amount.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | Document Number |
| | Notices mailed by judge's staff. | | FEB 04 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

(Reserved for use by the Court)

## ORDER

On October 8, 2003, the Village of Melrose Park ("the Village") was authorized to recover attorney's fees in the amount of $195.00 per hour. The Village was required to submit detailed billing statements. 2125, Inc. ("2125") filed a response, and the Village filed a reply. *2125, Inc. v. Village of Melrose Park*, 2003 WL 22317569 (N.D. Ill. 2003).

2125 objects to many of the Village's submissions because they are presented in a "block billing" format, and it cannot be determined how much time the Village's attorneys spent on a particular matter. Submissions containing block billing lack the specificity required to grant a proper award of attorney's fees. *See Abbot v. Village of Winthrop Harbor*, 1999 WL 675292, at *4 (N.D. Ill. Aug. 24, 1999) (*Abbot*).

Here, submissions 1, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 19, 20, 21, 23, 25, 29, 30, 34, 36, 37, 39, 40, 44, 46, 47, 51, 56, 57, 58, 59, 61, 62, 63, 64, 66, 67, 68, 69, 70, 71, 72, 74, 77, 78, 79, and 83 contain multiple billing entries. It cannot be determined from these submissions how much time an attorney spent on a particular matter. "Where documentation is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 443 (1983). The 81.8 hours the Village seeks in recovery from these submissions cannot be awarded.

2125 next contends that of the remaining submissions, items 4, 31, 50, 52, 53, 60 and 62 contain numerous conversations and conferences without identifying a subject matter. *See Abbot*, 1999 WL 675292, at *4 (explaining that recovery cannot be granted for submissions detailing telephone conferences without identifying the subject matter of the conference). After reviewing these submissions, it is found that items 4, 31, 50, 52, 53, 60, and 62 represent office conferences but do not detail the subject matter of the office conference. Therefore, the requested 4.5 hours may not be recovered.

2125 also asserts that much of the work that was presented was duplicated by multiple attorneys. However, after striking many of the entries on other bases, one pair of submissions is left in this category of items – 17 and 18. After reviewing these submissions, this pair is not found to be duplicative, and the requested hours may be awarded.

2125 contends that submissions 31, 32, 33, 38, 42, 43, and 45 should not be awarded because they represent time spent by the Village's attorneys contacting 2125's counsel and conducting discovery during the three-year period that the Court has previously held that 2125 had failed to prosecute their claim by failing to engage in any discovery. 2125 argues that the Village should not be rewarded for any work the Village performed during this three-year period. However, regardless of the inactivity of 2125, the Village's attorneys still had an obligation to their client to conduct discovery and to be informed about the status of the case until it was formally dismissed by this Court. Therefore, the Village's fees for these activities will be awarded.

2125 argues that entries 73-81 are unreasonably long. However, they are fair and reasonable; and attorney's fees may be recovered for these items.

Finally, 2125's attorney states that it has very little ability to pay any sanction award. "In imposing sanctions, a court may take into consideration the sanctioned attorney's assets and his ability to pay." *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1496 (7th Cir. 1989). Here, the sanctionable hours have already been reduced by over 86 hours. In addition, according to the October 8, 2003 opinion granting attorney's fees to the Village, Michael Null, co-counsel for 2125, is also joint and severally liable for the attorney's fees in this matter.

Accordingly, co-counsel for 2125 are jointly and severally liable to pay 26.4 hours of attorney's fees to the Village, at $195.00 per hour, for a total of $5148.00